T.C. Summary Opinion 2006-100

UNITED STATES TAX COURT

WILLIAM ANTHONY KNIPP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 932-05S.                    Filed July 6, 2006.

William Anthony Knipp, pro se.

<u>Monica J. Miller</u>, for respondent.

WELLS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 in effect at the time the petition was
filed.  The decision to be entered is not reviewable by any other
court, and this opinion should not be cited as authority.  All
section references are to the Internal Revenue Code, as amended,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Respondent determined a deficiency in Federal income tax for petitioner's 2002 taxable year. After concessions, the amount in dispute is $2,352. The issue we must decide is whether petitioner is liable for the 10-percent additional tax on early distributions pursuant to section 72(t) due to a distribution from his qualified retirement plan.

## Background

At the time of filing the petition in the instant case, petitioner resided in Jacksonville, Florida. During taxable year 2002, petitioner received a $23,520.78 distribution from a qualified retirement plan with Financial Administrative Services Corporation (FASC). The Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., issued by FASC characterized the distribution as a taxable early distribution. Petitioner reported the distribution as income on his 2002 tax return but did not report the 10-percent additional tax on his 2002 tax return.

## Discussion

We decide the instant case on the record without regard to section 7491(a). Section 72(t)(1) imposes a 10-percent additional tax on early distributions from qualified retirement plans unless the distribution meets one of the exceptions enumerated in section 72(t)(2). Petitioner was 45 years old as

of the date of trial.  He was not disabled and did not use the distribution to pay for qualified higher education expenses or to purchase his first home.  See sec. 72(t)(2)(A), (E), (F).  At trial, petitioner presented no evidence that he qualified for any of the exceptions enumerated in section 72(t)(2).  Accordingly, we hold that petitioner is liable for the 10-percent additional tax of $2,352 pursuant to section 72(t)(1).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.